Jackson, J.,
delivered the opinion of the Court. In the computa tian of time, the question, whether the terminus a quo shall be included or excluded, has been differently decided—not only according to the words made use of in the different cases, but according to the subject matter, or the context, where the same words are used.
By the statute of limitations, it was intended that the plaintiff should have six full years, and no more, within which to bring his action. In this case, he might have brought his action on the 1st of November, 1811, as upon the new promise then made, (supposing that the action had been previously barred by the statute ;) and if he may also commence it on the 1st day of November, 1817, it would * make seven first days of November, in the six years prescribed by the statute.
In the construction of a promissory note payable in a certain *182 number of days, the day of the date is excluded; because, otherwise, a note payable in one day would be the same as a note payable on demand ; and this is the reason given in the case of Henry vs. Jones, cited in the argument. .In the case of goods or estate attached, the legislature intended that the creditor should have thirty days within which to levy his execution ; and as he cannot sue out execution until the day after the judgment, it was rightly considered that that day ought to be excluded.
In the case of Holden vs. James, Adm., this point was not before the court; as that action was not brought until long after the 2d of December, 1810. The expression quoted appears to be inaccurate, as applied to the statute referred to in that case. But whether so or not, it is manifest that the court were not then considering whether the first day should be excluded or included; and of course the case furnishes no authority on the point now in question.
The case of Norris vs. The Hundred of Gautris, cited in the at gument, is a direct authority in support of the opinion which we have adopted, that the action was not brought within six years next after the cause of action accrued, (a)

 Vide Lester vs. Garland, 15 Ves. 248. — Bigelow vs. Wilson, 3 Pick 485. — Glossington vs. Rawlins, 3 East, 408. — Windsor vs. China, 4 Greenl. 298. — Sims vs. Hampton, 1 S. & R. 411.— Watson vs. Pears, 2 Camp. 294.— Cochran vs. Retsburgh, 3 Esp. 121. — Castle vs. Burditt, 3 T. R. 623. — Anon. 1 Lord Ray. 480.— Fitzburg vs. Dennington, 2 Lord Ray. 1096. — Hardy vs. Ryle, 9 B. & Cr. 607 — Pellew vs Ink. Hund. Wynford, 9 B. & C. 134. — Lester vs. Garland, 35 Ves. 247